Totten, J.,
delivered tbe opinion of tbe court:
Ejectment: Judgment for tbe plaintiffs below, and tbe defendant, Barnes, appealed in error. Tbe plaintiffs below claim title under a grant to tbeir father Nathan Sellars, for 200 acres, dated Dec. 9th, 1839, founded on entry, dated September 2d, 1831.
This entry is in tbe following words: “No. 3324, Nathan Sellers enters two hundred acres of land in Warren county, Tenn., beginning on a beech tree,, on tbe county line, South of Barnes' branch, running East, thence North and West for complement.”
Tbe defendant, George Barnes, claims title under & grant for 200 acres, dated June 11th, 1833, founded on entry, dated March 31st, 1832.
So it appears that defendant has tbe prior grant, but later entry; and plaintiffs have the prior entry but later grant. Tbe grants lap, producing a conflict of title to tbe extent of 100 acres or more. Tbe plaintiff’s grant calls to begin at a beech on tbe county line of Smith and Wáiren, “on tbe South side of Barnes’ branch, then East 229 poles, &e.”
Tbe beech claimed as tbe true corner, is 180 poles South of Barnes’ branch, and it seems was marked for a corner when tbe entry was surveyed, Oct. 20th, 1836.
Several beeches are found between this corner and Barnes’ branch, and one at tbe branch.
It will be seen that if tbe ease turns upon the mere legal title, tbe defendant who has tbe prior grant must prevail. But if tbe plaintiff’s entry contain in itself a certain and definite description of tbe land, or in legal phrase, if it be special, then an equitable *35 right to the specific land vested at its date; and in our practice the plaintiffs may recover upon this right even in the action of ejectment. It -is considered that ihe grant relates to the date of a special entry, and vests the title as from that time.
Now, an entry is special if it be certain to a common intent. Barnet's Lessee vs. Russel, 2 Tenn. R. 20. In that case the court say “the entry should, in “some part of it, contain a reference to some place, “ natural marie or thing, from which either singly or “together, the land could be ascertained with reasonable “industry by those acquainted in its neighborhood.”
The entry must be special in its description, and if it be defective in this respect, it cannot be aided by extrinsic proof. Certainly parol evidence of the locality described in the entry is competent, and indeed necessary to identify the land. But it is not competent to aid an entiy vague and indefinite on its face. Tide, the cases well collected and stated in 2 Meigs’ Dig. sec. 1210.
Now, to test the present case. We learn from the entry that the land lies in Warren county, on the county line, South of Barnes’ branch. These, of course, are directory calls. It begins at a ‘■’•beech on the county line,” not designated by marks, but pointed to only by directory calls.' The beech is South of Barnes’ branch, and on the county line, but at what point is not indicated. The call for a tree not designated by some mark or description is in itself indefinite, unless perhaps, it were made to- appear that there was no other tree or trees of the same kind in the locality, clearly pointed out by other calls.
*36 But this is not so in the present case, as there were other beeches which answer to the call as well. Vide Barnet's Lessee vs. Russell. 2 Tenn. R., 20.
We think it clear that the entry does not designate the land intended to be appropriated with the requisite certainty, and that it is vague and indefinite.
In this view of the case it is evident that the judgment is erroneous, and that the issue between the parties must be determined upon the validity and date of the grants, without reference to the question of priority of entry.
The judgment will be reversed and the, cause remanded.
Judgment reversed.